IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PLETZE BROWN, JR., ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1102-K-BD |
| | § | |
| CITIMORTGAGE, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendants CitiMortgage, Inc. and Carla Weatherford have filed a Rule 12(c) motion for judgment on the pleadings in this *pro se* civil action brought by plaintiffs arising out of the foreclosure of their property in 2009. As best the court understands the allegations in their current pleading, plaintiffs appear to contend that defendants had no standing to initiate foreclosure proceedings, failed to produce the original promissory note, and refused to cancel or postpone the foreclosure sale after plaintiffs tendered proper payment. (*See* Plf. Compl. at 2-6, ¶¶ 2, 9-12). Based on this conduct, plaintiffs sue for violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code § 17.45, *et seq.*, the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001, *et seq.*, the Texas barratry statute, Tex. Penal Code § 38.12, and for abuse of process. Defendants now move to dismiss all claims and causes of action. The motion has been briefed by the parties and is ripe for determination.

A motion for judgment on the pleadings provides a vehicle for the summary adjudication of a claim or defense after the pleadings are closed but before trial. FED. R. CIV. P. 12(c); *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Where, as here,

a motion for judgment on the pleadings is based on the failure to state a claim, the motion is governed by the same standards that apply to a motion to dismiss under Rule 12(b)(6). *See Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 784-85 (N.D. Tex. 2000) (citations omitted). A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

Judged against this standard, the court determines that plaintiffs have failed to state a plausible claim under the DTPA. In order to obtain relief under this statute, plaintiffs must establish that they are "consumers" who sought or acquired, by purchase or lease, goods or services that form the basis of their complaint. *See* TEX. BUS. & COMM. CODE ANN. § 17.45(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981). The Texas Supreme Court has made clear that

loans of money or extensions of credit are not goods or services under the DTPA. *See Riverside National Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980). "An activity related to a loan transaction is a 'service' for DTPA purposes only if the activity at issue is, from the plaintiff's point of view, an objective of the transaction, not merely incidental to it." *White v. Mellon Mortgage Co.*, 995 S.W.2d 795, 801 (Tex. App. -- Tyler 1999, no pet.). In their complaint, plaintiffs allege that defendants engaged in false, misleading, and deceptive acts and practices by:

> Misrepresenting the services of defendant as they relate to the ownership and filing of notes and/or deeds to plaintiff's [*sic*] property.
>
> Misrepresenting and withholding documents concerting [*sic*] true owner of deed and/or note on plaintiffs' property in question[.]

(Plf. Compl. at 5-6, ¶ 11) (citations omitted). On those allegations, the court determines as a matter of law that plaintiffs are not "consumers" under the DTPA. *See Broyles v. Chase Home Finance*, No. 3-10-CV-2256-G, 2011 WL 1428904 at *3-4 (N.D. Tex. Apr. 13, 2011); *see also Everson v. Mineola Community Bank, S.S.B.*, No. 12-05-00334-CV, 2006 WL 2106959 at *2 (Tex. App. -- Tyler, Jul. 31, 2006, pet. denied). Even if plaintiffs somehow qualified as "consumers," their complaint is devoid of any factual allegations of false, misleading, or deceptive acts or practices on the part of defendants -- another essential element of a cause of action under the DTPA. *See* TEX. BUS. & COMM. CODE ANN. § 17.46(a).

Nor have plaintiffs stated a claim for relief under the TDCA. According to plaintiffs, defendants violated this statute by: (1) making harassing phone calls; (2) attempting to collect unauthorized charges, fees, and expenses; (3) misrepresenting the amounts due on their mortgage loan; and (4) using "other false representations or deceptive means to collect a debt." (*See* Plf. Compl. at 4-5, ¶ 10). Like their other claims, plaintiffs do not point to any *specific* threats, prohibited actions, or false and deceptive statements by defendants that violate the TDCA. Their

vague, generalized, and conclusory allegations are insufficient to avoid dismissal of this claim. *See Coleman v. Bank of America, N.A.,* No. 3-11-CV-0430-G-BD, 2011 WL 2516169 at *2 (N.D. Tex. May 27, 2011), *rec. adopted,* 2011 WL 2516668 (N.D. Tex. Jun. 22, 2011) (dismissing claim for violations of TDCA where plaintiff failed to identify specific acts or practices that were prohibited by statute); *Holley v. Bank of America National Ass'n,* No. 3-10-CV-2261-B, 2011 WL 1303252 at *2 (N.D. Tex. Apr. 4, 2011) (same).[1]

With respect to plaintiffs' barratry claim, "federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.,* No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted,* 2007 WL 1300780 (N.D. Tex. May 2, 2007). In order for a private right of action to exist, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz,* 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash,* 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). The Texas barratry statute does not provide a private right of action. *See Moiel v. Sandlin,* 571 S.W.2d 567, 571 (Tex. Civ. App. -- Corpus Christi 1978, no writ). Consequently, this claim fails as a matter of law. *Ali,* 1993 WL 456323 at *1, *quoting Johnson v. Kegans,* 870 F.2d 992, 1005 n.4 (5th Cir.) (Goldberg, J., dissenting), *cert. denied,* 109 S.Ct. 3250 (1989) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body").

That leaves plaintiffs' claim for abuse of process. Under Texas law, the elements of abuse of process are: (1) an illegal, improper, or perverted use of the legal process, which is neither

---

[1] Elsewhere in their complaint, plaintiffs allege that defendants recorded false documents with the Dallas County Clerk, lacked standing to initiate foreclosure proceedings, and refused to accept proper payment on their debt obligation. (*See* Plf. Compl. at 4, ¶ 9). For reasons previously stated, these vague allegations do not give rise to a claim under the DTPA or the TDCA.

warranted nor authorized by the process; (2) an ulterior motive or purpose in exercising such use; and (3) damages resulting therefrom. *See Martinez v. English*, 267 S.W.3d 521, 528 (Tex. App. -- Austin 2008, pet. denied). Plaintiffs allege no facts to support any of these elements. As a result, their abuse of process claim should be dismissed.

## **RECOMMENDATION**

Defendants' Rule 12(c) motion for judgment on the pleadings [Doc. #9] should be granted. This case should be dismissed with prejudice.[2]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] Ordinarily, the court would allow plaintiffs to amend their complaint in an attempt to cure the pleading defects identified by defendants. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, plaintiffs never sought leave to amend their complaint prior to the expiration of the September 16, 2011 pleading deadline. Their failure to timely file a motion for leave to amend, even after defendants pointed out certain pleading deficiencies in a Rule 12 motion, suggests that plaintiffs have pled their best case.

DATED: October 25, 2011.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE